WILLIAM H. JACKSON, RUTH H. JACKSON AND GEORGE A. SMITH, PARTNERS, ETC., AS PITTSBURGH-DES MOINES STEEL COMPANY, CLAIMANT, PLAINTIFF, v. HOUGHTON ENGINEERING COMPANY, INCORPORATED, BUILDER, AND P. J. RITTER COMPANY, OWNER, DEFENDANT.

Submitted October 12, 1928—Decided March 28, 1929.

Before Gummere, Chief Justice, and Justice Parker.

For the plaintiff, *H. Byron Lore.*

For the defendant, *Walter H. Bacon.*

The opinion of the court was delivered by

Parker, J. This is an action on mechanics' lien which was tried without jury and a judgment entered for the defendant. The whole question in the case is whether the plaintiff was entitled to a lien under the statute; and this question is to be tested by deciding whether a contract had been filed in the sense intended by the statute. The defendant undertook to show the filing of such a contract; plaintiff claimed that it has not been so filed as to protect against mechanics' lien; the judge decided that there was a legal filing and hence that the defendant was entitled to judgment.

The contract in question is voluminous in character, but in substance relates to the procurement of reduced rates of insurance; and with that object in view, to the installation of a somewhat elaborate sprinkling system to be paid for on the installment plan. It contains provisions usually found in installment contracts, that in case the payments are not properly kept up the seller may retake the property, title to which was not to pass until full payment, and remove it from the buildings in which it is installed. So it will be seen that while in one sense the contract is a contract for additions to a building, in another sense it is a contract for the conditional sale of a sprinkling system, which normally would become part of a building, but which remains subject to seizure and removal. The only evidence available to us indicates that although this document was sent to the county clerk with instructions to file it, the intention of the parties filing it, who were not the owners of the building but the

Houghton Engineering Company, the contractors, was that it should be filed for their protection as a contract of conditional sale and quite irrespective of the matter of protecting the owner against building liens. The testimony of the county clerk shows that it was received from the engineering company and was filed as a conditional bill of sale; and that he so notified the engineering company. His testimony also shows that there was no entry whatever of this paper in the record or files of building contracts.

We are clearly of opinion that this filing is not the filing contemplated by the Mechanics' Lien law. That statute seems to contain no definite provision specifying just what the county clerk is to do with respect to recording and indexing of a building contract, when filed as such. Every practicing lawyer knows that in fact the county clerk keeps an index and possibly a running record of the building contracts that are filed as such in his office but it has very recently been held that this index is no part of the statutory scheme, and that the question is whether the contract was filed, and not whether it was properly indexed. *Guerriro* v. *Di Trolio, ante, p. 5.* It does not expressly appear in the testimony whether the Houghton company directed the clerk to file the contract as a conditional sales agreement but it does apear with perfect clearness that he understood that to be what was intended, and also that he advised that company what he had done; so that there can be no doubt of their assent to that sort of filing.

This being so, the proposition advanced for the plaintiff and acceded to by the trial judge was that the filing of a paper by a seller as a contract of conditional sale is sufficient to protect the owner of the real estate from mechanics' liens, because it should be considered filed as a building contract. This view we deem wholly fallacious. As already noted, the Mechanics' Lien act does not make special provision with respect to the manner of filing and indexing, &c., but the Conditional Sales law does. That statute (*Pamph. L.* 1919, *p.* 464) provides that the filing officer shall endorse the day and hour of filing, and keep a separate book in which he

shall enter the names of the seller and buyer and certain other particulars, and that such books shall be indexed under the names of both seller and buyer. It is plain that when a paper is filed as a conditional sales contract, it will appear upon the registry of the county clerk kept in accordance with the provisions of this statute, and nowhere else; and to hold that such a filing of such a paper is notice to laborers, subcontractors and materialmen that a building contract has been filed in the office of the clerk, and that they must look to the building fund for payment of their claims, strikes us as out of the question. It might just as well be said that if a paper were filed in the county clerk's office as a bill of particulars in a pending law suit it would operate as a filed building contract.

We conclude that for this reason the judgment was erroneous and must be reversed.